ARNOLDO CASILLAS, ESQ., State Bar No. 158519
MORENO, BECERRA & CASILLAS
A Professional Law Corporation
3500 West Beverly Boulevard
Montebello, CA 90640-1541
Telephone: (323) 725-0917
Facsimile: (323) 725-0350

Attorneys for Plaintiff
PAUL BLUMBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAUL BLUMBERG,

    Plaintiff,

v.

BRIAN HEWITT, SAM MARTIN, BRAD FOSS, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, AND DOE DEFENDANTS 1 THROUGH 10, INCLUSIVE.

    Defendants.

CASE NO: CV10-5072 FFM

COMPLAINT FOR DAMAGES:

CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §§ 1983, NEGLIGENCE

[DEMAND FOR JURY TRIAL]

## COMPLAINT

**COMES NOW PLAINTIFF PAUL BLUMBERG** and alleges as follows:

### I.

### VENUE AND JURISDICTION

1.    This action is brought pursuant 42 U.S.C. §§ 1983, and the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2.    Venue is proper in the Central District of California. The injury occurred in Lancaster, California.

////

## II.

## **PARTIES**

3. At all times relevant hereto, Plaintiff PAUL BLUMBERG is and was a resident of the County of Los Angeles, California.

4. At all times mentioned herein, defendant CITY OF LOS ANGELES was a public entity duly organized and existing under and by virtue of the laws of the state of California.

5. At all times mentioned herein, defendant COUNTY OF LOS ANGELES was a public entity duly organized and existing under and by virtue of the laws of the state of California.

6. PLAINTIFF PAUL BLUMBERG (hereafter, also "PLAINTIFF") is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

7. DOE defendants 1 through 5, inclusive and each of them, are and were at all times relevant hereto, officers, sergeants, captains, commanders, supervisors and/or civilian employees, and agents and representatives of the City of Los Angeles Police Department, acting within their capacity as employees, agents and servants of the defendant CITY OF LOS ANGELES and for its special police unit known as "CRASH" whose stated purpose was to address gang crimes, and which employed organized unlawful and illegal customs and practices of excessive force in carrying out their mandate. Said misconduct was encouraged, tolerated and condoned by defendants these supervisory officer defendants. Said defendants,

and at all times alleged herein where acting within the course and scope of that employment and agency. Said Defendants are sued individually and in their capacity as police officers, sergeants, captains, lieutenants, commanders, supervisors and/or other officers, employees, agents or representatives for the City of Los Angeles Police Department, a department and subdivision of defendant CITY OF LOS ANGELES.

8. DOE defendants 6 through 10, inclusive and each of them, are and were at all times relevant hereto, officers, sergeants, captains, commanders, supervisors and/or civilian employees, and agents and representatives of the County of Los Angeles Sheriff's Department, acting within their capacity as employees, agents and servants of the defendant County of Los Angeles. Said defendants, and at all times alleged herein where acting within the course and scope of that employment and agency. Said Defendants are sued individually and in their capacity as deputies, sergeants, captains, lieutenants, commanders, supervisors and/or other officers, employees, agents or representatives for the County of Los Angeles Sheriff's Department, a department and subdivision of defendant COUNTY OF LOS ANGELES.

9. At all times relevant herein, defendants BRIAN HEWITT, SAM MARTIN, BRAD FOSS, and DOE DEFENDANTS 1 through 10 ("POLICE OFFICER DEFENDANTS") were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF LOS ANGELES, its police department, defendant COUNTY OF LOS ANGELES, and the State of California.

10. At all times relevant herein, DOE DEFENDANTS 6-10 ("SUPERVISORY DEFENDANTS") were supervisors and policy makers for the City of Los Angeles Police Department, and for its special police unit known as "CRASH" whose stated purpose was to address gang crimes, and which employed organized unlawful and illegal customs and practices of excessive force in carrying out their

3

mandate. Said misconduct was encouraged, tolerated and condoned by defendants these supervisory officer defendants.

## III.

## FACTS COMMON TO ALL ACTIONS

11. In 1995, in the City of Los Angeles, defendant Brian Hewitt (hereafter, "defendant HEWITT") stopped a car which Plaintiff and two companions were traveling. Defendant Hewitt and DOES 1 through 5 did not have reasonable suspicion for the stop. The stop was illegal.

12. Defendant HEWITT arrested PLAINTIFF and his companions and accused them of driving in a rival gang area. In writing the reports related to the arrest, defendant Hewitt and DOES 1 through 5 falsely and illegally attributed the possession of firearms to Plaintiff and his companions. Their reports regarding the arrest falsely indicated that they had recovered firearms from the vehicle. Such firearms were planted by defendant Hewitt and DOES 1 through 5, as was the custom and practice for Hewitt and DOES 1 through 5 and the LAPD's "CRASH" unit.

13. In June 1998, PLAINTIFF was arrested in conjunction with a shooting. Plaintiff was not involved in the shooting. Defendant Brad Foss (hereafter "Defendant FOSS"), and DOES 6 through 10, undertook the investigation of the matter. Defendants FOSS, HEWITT, SAM MARTIN (hereafter, "defendant MARTIN") and DOES 1 through 10 formulated and undertook a plan to falsely accuse PLAINTIFF of participating in the shooting and to wrongfully and illegally secure his criminal conviction and imprisonment through the presentation of false evidence against him.

14. Consistent with and in furtherance of defendants' plan, Defendant FOSS falsely testified at PLAINTIFF's trail:

    A.    that PLAINTIFF participated in the shooting and that he did so in furtherance of gang activity and in retaliation;

4

B.   that the shooting was related to a prior shooting and he testified falsely that PLAINTIFF was also involved in the prior shooting;

C.   that PLAINTIFF was a member of a gant and falsely testified about a gang rivalry that resulted in the shooting;

D.   about rival gang grafitti and presented false evidence in the form of photographs of said grafitti; and,

E.   that there were no eyewitnesses to the prior shooting.

15. Defendant FOSS concealed that he was aware of an eyewitness, Michael Reyes, to the prior shooting that contradicted his testimony regarding PLAINTIFF's involvement in the prior shooting;

16. Defendant FOSS knew that if the testimony of the eyewitness came to light, his testimony would be completely discredited, and he failed to disclose the existence of this eyewitness in order to wrongfully and illegally secure PLAINTIFF's conviction and imprisonment.

17. Defendant FOSS threatened and coerced witness Jose Reyes to falsely testify that PLAINTIFF was involved in the prior shooting.

18. Consistent with and in furtherance of defendants' plan to falsely accuse PLAINTIFF of criminal activity and to secure PLAINTIFF's conviction and imprisonment, defendant HEWITT falsely testified at PLAINTIFF's trial:

A.   that in 1995 he had arrested PLAINTIFF and his companions in the Rampart area of Los Angeles, and that he had found firearms in a secret compartment of the vehicle that PLAINTIFF was driving;

B.   that PLAINTIFF was in a rival gang area for purposes of carrying out retaliatory assault against a rival gang, and,

C.   that he observed the occupants of the vehicle pass a firearm from the front seat of the vehicle to the back seat of the vehicle.

19. Defendant HEWITT had arrested PLAINTIFF in 1995, but had "planted" the firearms; i.e., he has falsely and illegally attributed the possession of the

5

1  firearms to PLAINTIFF and his companions. The firearms that defendant
2  HEWITT presented as evidence were illegally obtained by him for the purpose of
3  falsely attributing to suspects accused of possessing firearms.
4  20.    After testifying in PLAINTIFF's trial, defendant HEWITT was later
5  discredited and resigned from his post as a police officer with the City of Los
6  Angeles. In PLAINTIFF's *Habeas* proceedings, the District Attorney's office
7  conceded that defendant HEWITT's testimony in PLAINTIFF's case was false,
8  and the federal magistrate judge in the habeas proceedings also found that
9  HEWITT's testimony was false. Defendant HEWITT was a lead officer in the
10 LAPD's Rampart Division "CRASH" unit. He and other members of that unit
11 would regularly and customarily engage in the falsification of evidence, the
12 planting of firearms, the giving of false testimony, and various other acts of
13 misconduct.
14 21.    Defendant MARTIN maintained regular communication with defendant
15 FOSS regarding PLAINTIFF's prosecution. Consistent with and in furtherance of
16 defendants' plan to falsely accuse PLAINTIFF of criminal activity and to secure
17 PLAINTIFF's conviction and imprisonment, d1efendant MARTIN provided
18 defendant FOSS with guidance as to how to present gang evidence against
19 PLAINTIFF so as to falsely paint PLAINTIFF as an active gang member and
20 provided defendant FOSS with information as to the various Los Angeles gangs so
21 as to ensure that Defendant FOSS would be certified by the court as a gang expert
22 in PLAINTIFF's criminal trial.
23 22.    Based on the above acts of misconduct, filing of false police reports,
24 planting of evidence, and perjury, on June 9, 1998, a jury convicted PLAINTIFF.
25 22.    On February 7, 2010, the Honorable Christina Snyder, District Court Judge,
26 United States District Court, Central District of California, issued an order
27 granting Plaintiff's writ of habeas corpus, thereby judicially invalidating that
28 conviction.

23. As a result of the misconduct and unlawful acts of the present defendants, PLAINTIFF was wrongfully incarcerated for more than eleven years and eight months; i.e., more than 140 months.

24. As established in Heck *v. Humphrey*, 512 U.S. 477, 486-487, 117 S. Ct. 2354 (1994) and *Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir, 1998), PLAINTIFF's claims for false arrest, malicious prosecution and false imprisonment did not accrue until his conviction was overturned on the above indicated date.

## IV.

## FIRST COUNT/CAUSE OF ACTION

**VIOLATION OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS THROUGH MALICIOUS PROSECUTION/FALSE IMPRISONMENT**

**[AS TO DEFENDANTS BRAD FOSS, BRIAN HEWITT, SAM MARTIN, AND DOES 1 THROUGH 10 INCLUSIVE]**

25. PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph above as though fully set forth' herein.

26. This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution for violation of PLAINTIFF's procedural and substantive due process rights and the violation thereof resulting from the malicious, wrongful and illegal prosecution by the defendants which resulted in PLAINTIFF's unlawful and wrongful conviction.

27. As delineated in section above, PLAINTIFF was charged and convicted of felonies based upon the false allegations, statements, police reports, evidence and testimony presented by defendants FOSS, HEWITT and MARTIN and DOES 1 through 10.

28. Said defendants, in violation of Penal Code section 118.1 filed materially false police reports, and made materially false statements to investigators and

prosecutors that PLAINTIFF had participated in gang shootings and had engaged in other crimes, and presented falsified evidence, all for the purpose of having PLAINTIFF wrongfully, unjustly and falsely charged with related crimes, and to ensure that PLAINTIFF would be falsely and wrongfully prosecuted, convicted and imprisoned.

29. Said defendants presented the above false evidence and recommended that PLAINTIFF be charged and prosecuted and thereafter meaningfully participated in his prosecution to ensure his wrongful conviction and wrongful imprisonment.

30. As a result of the above-described acts and misconduct, PLAINTIFF was wrongfully and unjustly convicted and thereafter was wrongfully sentenced to state prison for such crimes.

31. As indicated above, PLAINTIFF's conviction was judicially overturned and/or otherwise unconditionally invalidated by court order. As a result of the misconduct described herein, PLAINTIFF was wrongfully sentenced detained, incarcerated and imprisoned.

32. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was wrongfully and falsely made to endure the prosecution described above, made to lose his freedom as a result of being wrongfully convicted based on the false evidence manufactured by said defendants, and made to falsely serve a portion of the sentence for the conviction; this, all in violation of the Fourteenth Amendment's procedural and substantive due process guarantees.

33. The aforementioned acts of said defendants was willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to these defendants.

////
////
////

## V.

## SECOND COUNT/CAUSE OF ACTION

## CONSPIRACY TO VIOLATE PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

**[AS TO DEFENDANTS BRAD FOSS, BRIAN HEWITT, SAM MARTIN, AND DOES 1 THROUGH 10 INCLUSIVE]**

34. PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

35. This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution.

36. Beginning on the date of PLAINTIFF's arrest and continuing through the date of PLAINTIFF's conviction, defendants FOSS, HEWITT, MARTIN and DOES 1 through 10, planned and acted in concert to violate PLAINTIFF's Fourteenth Amendment Rights of PLAINTIFF and to carry out a malicious and evil plan to have PLAINTIFF wrongfully and illegally prosecuted, convicted and imprisoned.

37. Said defendants expressly and impliedly agreed that they would falsify evidence, submit false police reports, and testify falsely under oath at PLAINTIFF's criminal proceedings.

38. Said defendants along with other co-conspirators purposefully, under color of law, planned and intended to deny PLAINTIFF the equal protection of the laws and injure PLAINTIFF in the following respects:

    A. to deny the right not to be deprived of life and liberty without due process of law,

    B. to deny the right against cruel and unusual punishment.

39. By virtue of the foregoing, said defendants and two or more of them, conspired for the purpose of:

  A. depriving PLAINTIFF of equal protection of the laws and of equal protection and immunities under the law; and,

  B. preventing and hindering the constituted authorities, including but not limited to the Los Angeles County District Attorney, the State of California and the Federal Bureau of Investigation from giving and securing PLAINTIFF's equal protection of the law and preventing deprivation of liberty without due process of law.

40. Said defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, as enumerated above, whereby PLAINTIFF was deprived of the rights and privileges as set forth above. These acts included the said defendants fabricating evidence, fraudulently and unlawfully placing evidence upon the person of PLAINTIFF and falsely and/or falsely claiming that he had possessed said evidence, authoring and filing false police reports in violation of P.C. §118.1 to conceal and justify police misconduct, knowingly approving such false reports, giving false and deliberately misleading and perjurious statements to investigators, giving false and perjurious testimony in the investigation of the incident and as part of the related criminal proceedings, and failing to discipline and recommend for prosecution officers committing such misconduct.

41. Notwithstanding the duties owed to PLAINTIFF, and notwithstanding the laws of the state of California and the rights granted to PLAINTIFF under the U.S. Constitution, these defendants, and each of them, with deliberate indifference to the constitutional rights of PLAINTIFF, failed and refused to prevent the wrongs conspired to be committed against PLAINTIFF, despite their ability and duty to do so.

42. As the actual and proximate result of the acts and omissions of said defendants, as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above, in violation of the Fourteenth Amendment's

procedural and substantive due process guarantees. During said incarceration PLAINTIFF suffered and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

43. The aforementioned acts of said defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## VI.

## THIRD COUNT/CAUSE OF ACTION

## MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS

## [AS TO DEFENDANTS CITY OF LOS ANGELES AND COUNTY OF LOS ANGELES]

44. PLAINTIFF repeats and realleges each and every allegation above as though fully set forth herein.

45. This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF's rights under Fourteenth Amendment.

46. On the date indicated above, the police officer defendants identified in the First and Second Counts/Causes of Action, and each of them, acting within the course and scope of their duties as peace officers of the City of Los Angeles or deputies of the County of Los Angeles Sheriff's Department, deprived PLAINTIFF of his due process rights through their conduct which caused him to be falsely charged, prosecuted, convicted and imprisoned, and through their deliberate and bad-faith acts of fabricating and presenting false evidence and failure to turn over exculpatory information, evidence and materials.

47. At the time of these constitutional violations by said police officer defendants, defendant CITY OF LOS ANGELES and defendant COUNTY OF LOS ANGELES separately had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to

11

unjustifiably, unreasonably and in violation of the Fourteenth Amendments fabricate charges against them by planting evidence on them.

48. Said policies, procedures, customs and practices also called for the City of Los Angeles and its Police Department and the County of Los Angeles and it's Sheriff's Department and officers and deputies to fail to comply with their obligations to disclose exculpatory evidence to criminal defendants and their attorneys so as to ensure that such criminal defendants would be falsely convicted of crimes they did not commit.

49. Said policies, procedures, customs and practices also called for the City of Los Angeles and its Police Department and the County of Los Angeles and it's Sheriff's Department and officers and deputies not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints, of falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false testimony in trial to cover-up and conceal such wrongful conduct by officers of the Los Angeles Police Department and for the City of Los Angeles to fail to objectively and/or independently investigate or in any way deal with or respond to or the related claims and lawsuits made as a result of such misconduct.

50. Said policies, procedures, customs and practices called for and led to the refusal by said defendants to investigate complaints of previous incidents of excessive force, wrongful attacks, the filing of false police reports to conceal such misconduct, the falsification of evidence and perjury and, instead, officially claim that such incidents were justified and proper.

51. Said policies, procedures, customs and practices called for said defendants by means of inaction and coverup, to encourage an atmosphere of lawlessness within the police department and to encourage their police officers to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

52. Said policies, procedures, customs and practices of said defendant evidenced a deliberate indifference to the violations of PLAINTIFF's constitutional rights. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said defendants and their subordinate policymakers of indistinguishably similar incidents of unjustified and unreasonable acts of falsification of evidence, evidence tampering, submission of false police reports and perjury.

53. Deliberate indifference to the civil rights of other similar victims of the LAPD's and LASD's misconduct also evidenced by said defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to such individuals.

54. Deliberate indifference to the civil rights of other victims of the LAPD's and LASD's planting of evidence was also evidenced by said defendant by their ignoring findings of the report by the Christopher Commission which found said policies, procedures, customs and practices to be in place, and found that there existed in the Los Angeles Police Department and the Los Angeles County's Sheriff's Department an environment and atmosphere which condoned unjustified and unreasonable police attacks, falsification of evidence, evidence tampering, submission of false police reports and perjury.

55. Other systemic deficiencies in the LAPD and LASD which indicated, and continue to indicate, a deliberate indifference by said defendant to the violations of the civil rights by the officers of the LAPD and deputies of the LASD include:

    A. preparation of investigative reports designed to vindicate the wrongful and excessive use of force, regardless of whether such use was justified;

    B. preparation of investigative reports which uncritically rely solely on the word of LAPD officers or LASD deputies

        involved in the falsification of evidence and other trial related misconduct and which systematically fail to credit testimony by non-officer witnesses;

    C.    preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

    D.    Failure to objectively and independently review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence; and,

56. The foregoing policies, practices, customs and procedures, as well as the acts, omissions, of defendant CITY OF LOS ANGELES and defendant COUNTY OF LOS ANGELES caused the police officer and deputy defendants identified in the first and second counts/causes of action to be unaware of, or intentionally overlook and ignore, the rules and laws governing the permissible use of force, the falsification of evidence or the tampering with evidence, the submission of false police reports and the commission of perjury in a criminal trial.

57. The foregoing acts, omissions, and systemic deficiencies are policies and customs of defendants CITY OF LOS ANGELES and COUNTY OF LOS ANGELES caused, permitted and/or allowed under official sanction said police officer and deputy defendants to believe that evidence falsification, filing of false and misleading police reports, and the commission of perjury would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that defendants' officers would use deadly force in situations where such force is neither necessary, reasonable nor legal, and falsify evidence, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this state with whom said officers would come into contact with.

58. As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices, the police officer and deputy defendants identified in the first and second counts/causes of action committed the acts alleged in said causes of action.

59. As a direct and proximate result of the aforementioned acts alleged herein, PLAINTIFF was wrongfully convicted as alleged in the first and second counts/causes of action which caused him serious and permanent injuries and have physically, psychologically, and emotionally impaired him permanently.

## VII.

## PRAYER

WHEREFORE, PLAINTIFF PAUL BLUMBERG demands the following relief, jointly and severally, against all the defendants with respect each of the Counts/Causes of Action above:

    A. Compensatory general and special damages in an amount in accordance with proof;

    B. Exemplary damages, against each of the police officer, supervisory and policy maker defendants - as spelled out in each cause of action, in an amount sufficient to deter and to make an example of those defendants;

    C. Reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. §1988;

    D. Costs of suit necessarily incurred herein; and

    E. Such further relief as the Court deems just or proper.

Dated: July 9, 2010

MORENO, BECERRA & CASILLAS
A Professional Law Corporation

By: _____
ARNOLDO CASILLAS
Attorneys for PLAINTIFF
PAUL BLUMBERG

## DEMAND FOR JURY TRIAL

COMES NOW PLAINTIFF, PAUL BLUMBERG and respectfully demands that the present matter be set for a jury trial.

Dated: July 9, 2010

MORENO, BECERRA & CASILLAS
A Professional Law Corporation

By: _____
ARNOLDO CASILLAS
Attorneys for PLAINTIFF
PAUL BLUMBERG

Name & Address:
ARNOLDO CASILLAS, SBN 158519
MORENO, BECERRA & CASILLAS
3500 W. BEVERLY BLVD.
MONTEBELLO, CA 90640
323/725-0917

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| PAUL BLUMBERG | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV10 5072 FFM |
| BRIAN HEWITT, SAM MARTIN, BRAD FOSS, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, AND *DOE DEFENDANTS 1 THROUGH 10, INCLUSIVE* DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): BRIAN HEWITT, SAM MARTIN, BRAD FOSS, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES AND DOES 1 THROUGH 10, INCLUSIVE

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, ARNOLDO CASILLAS _____, whose address is 3500 W. BEVERLY BLVD., MONTEBELLO, CA 90640 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 12 2010

By: **CHRISTOPHER POWERS**
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07) SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PAUL BLUMBERG

**DEFENDANTS**
BRIAN HEWITT, SAM MARTIN, BRAD FOSS, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, AND DOES 1 THROUGH 10, INCLUSIVE

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ARNOLDO CASILLAS, SBN 158519     (323) 725-0917
MORENO, BECERRA & CASILLAS
3500 W. BEVERLY BLVD., MONTEBELLO, CA 90640

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ TO BE DETERMINED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CIVIL RIGHTS VIOLATIONS 42 USC 1983; NEGLIGENCE

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 462 Naturalization Application | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 290 All Other Real Property | | ☑ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:** Case Number: _____     CV10 5072

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 7-9-10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |