1

2

3

4

5

6

7

8

9

JS-6

10          UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12

13   PAUL BLUMBERG,                          )   CASE NO.  CV 10-5072-R
                                             )
14                     Plaintiff,            )   ORDER DISMISSING REMANDED
                                             )   PROCEDURAL DUE PROCESS AND
15            v.                             )   CONSPIRACY CLAIMS
                                             )
16   BRIAN HEWITT, SAM MARTIN, BRAD          )
17   FOSS, CITY OF LOS ANGELES, COUNTY       )
     OF LOS ANGELES, AND DOE                 )
18   DEFENDANTS 1 THROUGH 10,                )
     INCLUSIVE,                              )
19                                           )
20                     Defendants.           )
                                             )
21                                           )
                                             )
22   _____)

23         The Ninth Circuit remanded the case for this Court to "consider if and to what extent

24   Blumberg's plea to the crime of attempted murder affects his § 1983 claims."  (Dkt. No.67 at 2).

25   The Ninth Circuit pointed this Court to consider the Plaintiff's Section 1983 "procedural due

26   process and conspiracy claims are premised at least in part on 'Brady violations' and 'fabrication

27   of evidence' in Blumberg's 1998 conviction, which has been reversed, and his later guilty plea

28   may have been 'completely insulated from' defendants' alleged violations" under *Jackson v.*

*Barnes*, 749 F.3d 755, 759-60 (9th Cir. 2014).  (Dkt. No.67 at 2).  This Court ordered the Parties to file position papers (Dkt. No. 70) and the Parties did (*See* Dkt. Nos. 74, 75, 77, 78).

It is undisputed that in 1998, Plaintiff was tried and convicted for the murder of Ramon Zuniga, that such conviction was later overturned, and that he was subsequently re-proseucted in 2010 for the same crime.  (*See* Dkt. No. 76 at 2).  Instead of going to trial a second time, Plaintiff pled guilty to the attempted willful, deliberate, and premeditated murder of Ramon Zuniga.  (*See* Dkt. No. 75 at Ex. B).  The criminal court explicitly found that there was a factual basis for the guilty plea.  (*Id.*).  This outstanding conviction has not been overturned.

In *Heck v. Humphrey,* 512 U.S. 477, (1994), the Supreme Court held "that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id.* at 486–87.  The court further stated that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Id.* at 487.  However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment . . . the action should be allowed to proceed." *Id.* (emphasis in original); *Smith v. City of Hemet,* 394 F.3d 689, 699 (9th Cir. 2005) (a § 1983 claim will be barred only where "it is clear from the record that its successful prosecution would *necessarily* imply or demonstrate that the ... conviction was invalid.") (emphasis in original).  Thus, "[i]n evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating an element of the offense of which he has been convicted." *Cunningham v. Gates,* 312 F.3d 1148, 1154 (2002) (internal quotations and citation omitted).

In *Brady v. Maryland,* 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.*  The government has a duty to disclose *Brady* material even if the defense fails to ask for it. *United States v. Agurs,* 427 U.S. 97, 107 (1976).  The duty

under *Brady* encompasses impeachment evidence as well as exculpatory evidence. *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The government's promise of a benefit to a witness must be disclosed under *Brady. Giglio v. United States,* 405 U.S. 150, 154 (1972).

In the criminal context, "[t]here are three components of a true *Brady* violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene,* 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682. The evidence need not be sufficient affirmatively to prove the defendant innocent; it need only be favorable and material. *Gantt v. Roe,* 389 F.3d 908, 912 (9th Cir. 2004). Materiality is measured in terms of the collective effect of the suppressed material, not item by item. *Kyles v. Whitley,* 514 U.S. 419, 436 (1995).

If the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. The omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. If the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create reasonable doubt. *Agurs,* 427 U.S. at 112-13.

The obligation to disclose under *Brady* "is the obligation of the government, not just the obligation of the prosecutor." *United States v. Blanco,* 392 F.3d 382, 393 (9th Cir. 2004). The prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf. *Kyles v. Whitley,* 514 U.S. 419, 437-38 (1995). A prosecutor's duty under *Brady* necessarily requires the cooperation of other government agents who might possess *Brady* material. *Blanco,* 392 F.3d at 388. The defense is entitled to exculpatory evidence even if the prosecutor does not have it, where an investigating agency does. *Id.* at 393-94. In the criminal context, there is no intent requirement to establish a *Brady* claim; whether non-disclosure was

1  negligent or by design, it is the responsibility of the prosecutor. *Brady,* 373 U.S. at 87.

2        In order to state a cause of action for violation of procedural due process, a plaintiff must

3  plead two elements.  First, a plaintiff must establish that a liberty or property interest exists that

4  would entitle them to due process protections.  Second, having established a constitutionally

5  protected interest, a plaintiff must allege that they were denied due process in violation of the

6  Fourteenth Amendment.  *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428 (1982); *Board of*

7  *Regents v. Roth,* 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply

8  only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of

9  liberty and property.").  If a liberty or property interest is at stake, the court then applies a three

10  part balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976).  *Mathews*, 424 U.S. at

11  333 ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful

12  time and in a meaningful manner.'") (citations omitted).  "[D]ue process is flexible and calls for

13  such procedural protections as the particular situation demands." *Id.* at 333 (internal quotations

14  and citation omitted).  In the context of an administrative hearing, the Supreme Court in *Mathews,*

15  explained that:

16        The judicial model of an evidentiary hearing is neither a required, nor even the
         most effective, method of decisionmaking in all circumstances. The essence of due
17        process is the requirement that a person in jeopardy of serious loss (be given)
         notice of the case against him and opportunity to meet it. All that is necessary is
18        that the procedures be tailored, in light of the decision to be made, to the capacities
         and circumstances of those who are to be heard, to insure that they are given a
19        meaningful opportunity to present their case.

20

21  *Id.* at 348–49 (citations and internal quotation marks omitted).

22        Plaintiff's procedural due process and conspiracy claims which are premised, at least in

23  part, on "*Brady* violations" and "fabrication of evidence" necessarily require demonstration of

24  Plaintiff's alleged innocence and thus are barred under *Heck.*

25        To the extent such claims are based on *Brady,* they must fail because no prejudice could

26  possibly flow from the allegedly undisclosed exculpatory information.  Plaintiff has pled guilty to

27  a crime and thus the elements thereof.  The existence of material exculpatory information as to

28  such a crime is illogical because the outcome of the proceeding could not be changed.  The

4

allegedly exculpatory information was known to Plaintiff at the time of the 1998 trial.  The information was nonetheless not withheld or "suppressed" for *Brady* purposes.  *See Cunningham v. Wong*, 704 F.3d 1143, 1154 (9th Cir. 2013) (where party "possessed the 'salient facts' that would have allowed them" access to records to present to the court, no *Brady* "suppression" of evidence).

Any of Plaintiff's procedural due process claims based on the fabrication of evidence also necessarily require his alleged innocence.  Plaintiff's guilty plea admits to the requisite possession of the firearm and intent.  If Plaintiff successfully argued a procedural due process claim premised on the fabrication of evidence establishing the elements of the offense to which he pled guilty— such as if Plaintiff was successful in arguing that a weapon was planted on him—it would necessarily undermine the validity of his guilty plea and conviction regarding that offense.  This is impermissible under *Heck*.

The narrow exception in *Jackson v. Barnes*, 749 F.3d 755, 759-60 (9th Cir. 2014), does not apply here.  No secondary proceeding occurred because Plaintiff pled guilty before a second trial commenced.  It is impossible that there existed a secondary proceeding that was "completely insulated from" Defendants' alleged violations.

**IT IS HEREBY ORDERED** that Plaintiff's remaining Section 1983 claims are DISMISSED.

Dated: June 23,  2015

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

5